UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

EFRAIM ROSAIRO,

Plaintiff,

vs.  Case No.: 6:11-cv-167-orl-31DAB

CENTRAL CREDIT SERVICES, INC.,

Defendant.
_____/

# COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

1

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, EFRAIM ROSAIRO, is a natural person who resides in the City of Orlando, County of Orange, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant CENTRAL CREDIT SERVICES, INC., (Defendant "CCS") is a collection agency operating from an address of 9550 Regency Square Blvd. Suite 500, Jacksonville, Florida, 32225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant CCS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant CCS regularly collects or attempts to collect debts for other parties.

9. Defendant CCS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant CCS for collection from this Plaintiff.

12. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13. On May 7, 2009, Defendant CCS agreed to accept $482.21 as settlement in full to satisfy and extinguish Plaintiff's debt.

14. On May 13, 2009, Plaintiff authorized a payment to be made to Defendant CCS in the amount of $482.21, plus a $7.00 transaction fee, for the purpose of satisfying Plaintiff's debt.

15. On May 29, 2009, the amount of $489.21 was paid to Defendant CCS from Plaintiff's SunTrust bank account which served to satisfy and extinguish Plaintiff's debt.

16. At sometime after May 29, 2009, Defendant CCS consigned, placed or otherwise transferred the debt which Plaintiff satisfied on May 29, 2009, to a separate debt collection entity for purposes of collection from this Plaintiff.

17. Defendant CCS knew or had reason to know that the Plaintiff had satisfied and extinguished his debt prior to selling said debt to a separate debt collection entity.

18. As a result of Defendant CCS's improper conduct Plaintiff's credit rating has been damaged.

## SUMMARY

19. The above-described sale of Plaintiff's debt, which was satisfied on May 29, 2009, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692e(5); 15 U.S.C. § 1692f(1); 15 U.S.C. § 1692f(2); 15 U.S.C. § 1692d; as well as the FCCPA § 559.72(9).

20. The above-detailed conduct by this Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, and resulted in actual damages to this Plaintiff.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing act and omission of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

24. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. Defendant CCS attempted to claim and enforce a debt when Defendant knew or should have known that Plaintiff's debt satisfied and nonexistent.

26. As a result of the improper sale of Plaintiff's nonexistent debt, Plaintiff's credit rating has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant CCS.

Dated:  January 26, 2011

Respectfully submitted,

Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff